1
2
3
4
5
6
7
8           IN THE UNITED STATES DISTRICT COURT
9          FOR THE NORTHERN DISTRICT OF CALIFORNIA
10

**United States District Court**
For the Northern District of California

11   DAVID LOSOYA,                )
                                  )   No. C 05-00509 JW (PR)
12              Plaintiff,         )
                                  )   ORDER OF DISMISSAL; DENYING
13        vs.                      )   MOTIONS FOR LEAVE TO FILE
                                  )   SUPPLEMENTAL COMPLAINTS
14   JEAN S. WOODFORD, et al.,     )
                                  )
15              Defendant(s).      )   (Docket Nos. 10 & 17)
                                  )
16   _____  )
                                  )
17

18          On February 3, 2005, plaintiff, a California prisoner currently incarcerated at

19   Pelican Bay State Prison ("PBSP") in Crescent City, filed a <u>pro se</u> civil rights action

20   under 42 U.S.C. § 1983 against various PBSP employees for violations of plaintiff's

21   constitutional rights.  Plaintiff alleges that he exhausted his administrative appeals.

22   Since filing his original complaint, plaintiff has filed two requests for leave to file a

23   supplemental complaint.  (Docket Nos. 10 & 17).  Plaintiff was granted leave to

24   proceed <u>in forma pauperis</u> under 28 U.S.C. § 1915 in a previous order (Docket No.

25   9).

26   ///

27   ///

28

**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DISCUSSION**

A.    Review Pursuant to 28 U.S.C. § 1915A

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.    Legal Claims

Plaintiff alleges the following: 1) his continued retention in the SHU is unconstitutional; 2) prison officials are denying plaintiff equal protection and subjecting him to "racial harassment"; 3) defendants are acting with deliberate indifference with respect to plaintiff's need for psychological and medical services and access to the exercise yard; 4) he was denied his right to access to courts; 5) plaintiff's right to due process were violated during prison disciplinary proceedings; 6) plaintiff is being subjected to cruel and unusual punishment by being used in "human experimentation and research"; 7) defendants are refusing to allow him to correspond with his brothers at other prisons; 8) he was denied assistance in filing his appeals; and 9) he was denied a book because it did not comport with prison regulations.

Plaintiff's claims 1, 2, 3, 4, 5, 6, 7 and 9, liberally construed, are cognizable

United States District Court

For the Northern District of California

1  under § 1983 as violations against his constitutional rights.  However, plaintiff has

2  failed to plead sufficient facts against specific defendants to support each claim.  For

3  example, plaintiff has not identified the dates when the alleged unconstitutional

4  violations occurred, e.g., the dates of the specific prison disciplinary hearings when

5  he was denied due process and how he was denied due process at each hearing.

6  These claims are therefore DISMISSED WITH LEAVE TO AMEND in accordance

7  with the following.

8      Plaintiff must allege facts supporting each claim against each individual

9  defendant separately in his amended complaint showing his entitlement to relief

10  from each defendant.  Plaintiff should list the constitutional right he has, describe

11  what each defendant did or failed to do, and describe how each defendant's acts or

12  omissions caused him injury.  He should not refer to the defendants as a group, i.e.,

13  "the defendants" or "officers"; rather, he should identify each involved defendant by

14  name and link each of them to a specific claim by explaining what each defendant

15  did or failed to do that caused a violation of his constitutional rights.

16      Plaintiff's eighth claim that he was denied assistance in filing his appeals is

17  not cognizable and is therefore DENIED.  See Ramirez v. Galaza, 334 F.3d 850, 860

18  (9th Cir. 2003) (holding here is no constitutional right to a prison administrative

19  appeal or grievance system).

20  C.    Supplemental Complaints

21      The Court has reviewed the plaintiff's supplemental complaint filed on

22  October 7, 2005 (Docket No. 10), exhibits filed on October 19, 2006 (Docket No.

23  13), and second supplemental complaint filed on May 2, 2007 (Docket No. 17).  The

24  additional claims contained in the supplemental complaints arise from events that

25  occurred since the original complaint was filed on February 3, 2005, and were not

26  exhausted at that time.  Plaintiff admits this fact as he states in his first supplemental

27  complaint filed on October 7, 2005, "I am in the process of filing my appeal of this

28

United States District Court

For the Northern District of California

1  issue." (Suppl. Compl. at 5.)

2      An action must be dismissed unless the prisoner exhausted his available

3  administrative remedies <u>before</u> he or she filed suit, even if the prisoner fully

4  exhausts while the suit is pending.  <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199 (9th

5  Cir. 2002); <u>see</u> <u>Vaden v. Summerhill</u>, 449 F.3d 1047, 1051 (9th Cir. 2006) (where

6  administrative remedies are not exhausted before the prisoner sends his complaint to

7  the court it will be dismissed even if exhaustion is completed by the time the

8  complaint is actually filed).  However, the PLRA does not require dismissal of the

9  entire complaint when a prisoner has failed to exhaust some, but not all, of the

10 claims included in the complaint.  <u>Jones v. Bock</u>, 127 S. Ct. 910, 925-26 (2007)

11 (rejecting "total exhaustion-dismissal" rule); <u>Lira v. Herrera</u>, 427 F.3d 1164, 1170

12 (9th Cir. 2005) (same).

13     The proper treatment of a mixed complaint, i.e., a complaint with both

14 exhausted and unexhausted claims, will depend on the relatedness of the claims

15 contained within.  <u>Id.</u> at 1175.  When a prisoner has filed a mixed complaint and

16 wishes to proceed with only the exhausted claims, the district court should simply

17 dismiss the unexhausted claims when the unexhausted claims are not intertwined

18 with the properly exhausted claims.  <u>Id.</u>  On the other hand, when a plaintiff's mixed

19 complaint includes exhausted and unexhausted claims that are closely related and

20 difficult to untangle, dismissal of the defective complaint with leave to amend to

21 allege only fully exhausted claims, is the proper approach.  <u>Id.</u> at 1176.

22     Plaintiff alleges that he has exhausted all his claims in his original complaint.

23 Plaintiff's supplemental complaints include unexhausted claims which are unrelated

24 to the claims stated in his original complaint.  Allowing plaintiff to add new and

25 unexhausted claims would result in a mixed petition subject to dismissal for the

26 reasons stated above.  <u>Id.</u>  Accordingly, plaintiff's requests for leave to file

27 supplemental complaints (Docket Nos. 10 and 17) are DENIED.  Plaintiff may file

28

new claims which arose since plaintiff filed his original complaint on February 3, 2005 and which have been properly exhausted in a separate action.

### CONCLUSION

For the reasons stated above, the Court orders as follows:

1.      Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND. Within **thirty (30) days** of the date of this order, plaintiff may file an AMENDED COMPLAINT using the court's form civil rights complaint.  Plaintiff shall complete the form, and include in the caption both the case number of this action (No. C 05-00509 JW (PR)), and the phrase "**AMENDED COMPLAINT**."

2.      The amended complaint supersedes the initial complaint and may not incorporate by reference any parts of the original complaint; plaintiff must include in the amended complaint all the allegations and claims he wishes to present.  **If plaintiff fails to timely file an amended complaint in conformity with this order, the complaint will be dismissed.**

3.      Plaintiff's requests to file supplemental complaints (Docket Nos. 10 & 17) are DENIED.  The clerk shall attach a copy of the court's form complaint to plaintiff's copy of this order for him to file a separate action on the new claims.

4.      It is plaintiffs' responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

DATED:    October 12, 2007                    _____

JAMES WARE
United States District Judge

Order of Dismissal; Denying Motion for Leave to File Suppl Compl
N:\Pro - Se\10.12.2007\05-0509 Losoya0509_dwllta.wpd          5