IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LOSOYA, | No. C 05-00509 JW (PR) |
| Plaintiff, | ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK |
| vs. | |
| JEAN S. WOODFORD, et al., | |
| Defendants. | |
| | (Docket No. 42) |

On February 3, 2005, plaintiff, a California prisoner currently incarcerated at Pelican Bay State Prison ("PBSP") in Crescent City, filed a pro se civil rights action under 42 U.S.C. § 1983 against various PBSP employees for violations of plaintiff's constitutional rights. The complaint was dismissed with leave to amend for failing to plead sufficient facts against specific defendants to support each claim. Plaintiff's amended complaint, filed on February 22, 2008, is now before the Court for preliminary screening pursuant to 28 U.S.C. § 1915A.

**DISCUSSION**

A.   Review Pursuant to 28 U.S.C. § 1915A

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a

Order of Partial Dismissal and Service
G:\PRO-SE\SJ.JW\CR.05\Losoya0509_svc.wpd

governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Plaintiff's Claims

In a lengthy eighty-four page complaint and even lengthier exhibit, plaintiff alleges various acts by prison officials which violated his constitutional rights as follows: 1) prison officials are unlawfully retaining plaintiff in the SHU based on insufficient information and without periodic reviews; 2) prison officials are acting with deliberate indifference to plaintiff's serious medical needs by not letting him out of his cell to receive psychological and medical services and access to the exercise yard; 3) plaintiff's right to access to courts was violated when he was denied an attorney visit for a parole board hearing and access to legal cell study for six months; 4) prison officials violated plaintiff's rights under the First Amendment by refusing to allow him to correspond with his brothers at other prisons; 5) prison officials are denying plaintiff equal protection and subjecting him to racial harassment; 6) plaintiff is being subjected to cruel and unusual punishment by the conditions in the SHU; and 7) defendants have been retaliating and harassing plaintiff since 1995, when they placed plaintiff in the SHU.

With respect to claim numbers 5 and 7, plaintiff offers nothing more than conclusory allegations and fails to plead sufficient facts against specific defendants to support these claims. Accordingly, claim numbers 5 and 7 are DISMISSED from

Order of Partial Dismissal and Service
G:\PRO-SE\SJ.JW\CR.05\Losoya0509_svc.wpd          2

1  this action for failure to state a claim upon which relief may be granted. See 28
2  U.S.C. § 1915A(b)(1),(2).

3  Liberally construed, plaintiff's allegations in claim numbers 1, 2, 3, 4, and 6
4  appear cognizable under § 1983.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Plaintiff's claim numbers 5 and 7 above are DISMISSED from this action for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1),(2).

2. Plaintiff names Defendant Does 1-50 in his complaint, but has not alleged any specific conduct on the part of these defendants and, as such, the complaint fails to state a claim. Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, see Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980); Wiltsie v. Cal. Dep't of Corrections, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. See Gillespie, 629 F.2d at 642; Velasquez v. Senko, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986 ). Accordingly, Defendant Does 1-50 are DISMISSED from this action. If through discovery plaintiff is able to identify the unknown defendants, he may then motion the Court for leave to amend to name the intended defendants and to issue summons upon them. See Gillespie, 629 F.2d at 642; Barsten v. Dep't of the Interior, 896 F.2d 422, 423-24 (9th Cir. 1990).

3. The clerk of the Court shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the amended complaint

1  in this matter, all attachments thereto, and a copy of this order upon **Warden
2  Kirkland**, **Sergeant Flowers, Sergeant Akin**, and **Second Watch Correctional
3  Officers from April to December 2004, including Hyde, Delaunay, George,
4  Strickhouser, Trotter, Smith, Knight, Pofhal, Moore, Kirby, Simmons, Green,
5  Owen, Romero, Estrella, Cortez, Navarro, Schiavone, Holt, Curtis, Cardenas,
6  Daniel, Bracht, Gensaw, Howe, Young, Winningham, Miligin, Testa, Keely,
7  Gelinas, Rios, Nelson, Wilcy, and Preston** at **Pelican Bay State Prison**.  The clerk
8  shall also mail courtesy copies of the complaint and this order to the California
9  Attorney General's Office.

10         4.      No later than **sixty (60) days** from the date of this order, defendants
11  shall file a motion for summary judgment or other dispositive motion with respect to
12  the claims in the amended complaint found to be cognizable above.

13                 a.      If defendants elect to file a motion to dismiss on the grounds
14  plaintiff failed to exhaust his available administrative remedies as required by 42
15  U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion
16  pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied
17  Alameida v. Terhune, 540 U.S. 810 (2003).

18                 b.      Any motion for summary judgment shall be supported by
19  adequate factual documentation and shall conform in all respects to Rule 56 of the
20  Federal Rules of Civil Procedure.  **Defendants are advised that summary
21  judgment cannot be granted, nor qualified immunity found, if material facts
22  are in dispute.  If any defendant is of the opinion that this case cannot be
23  resolved by summary judgment, he shall so inform the Court prior to the date
24  the summary judgment motion is due.**

25         5.      Plaintiff's opposition to the dispositive motion shall be filed with the
26  Court and served on defendants no later than **thirty (30) days** from the date
27  defendants' motion is filed.

28                 a.      In the event the defendants file an unenumerated motion to

United States District Court
For the Northern District of California

dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

b.  In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

Order of Partial Dismissal and Service
G:\PRO-SE\SJ.JW\CR.05\Losoya0509_svc.wpd            5

forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

6. Defendants shall file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

7. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

8. All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

10. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11. Extensions of time are not favored, though reasonable extensions will be granted. However, the party making the motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is received. Any motion for an extension of time must be filed no later than the deadline sought to be extended.

///

Order of Partial Dismissal and Service
G:\PRO-SE\SJ.JW\CR.05\Losoya0509_svc.wpd          6

1    12.   Plaintiff's motion to serve summons/complaint (Docket No. 42) is
2 DENIED as moot.

DATED:   May 29, 2008

JAMES WARE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DAVID LOSOYA,

        Plaintiff,

  v.

JEAN S. WOODFORD, et al.,

        Defendants.

Case Number: CV05-00509 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

David Losoya B-92935
5905 Lake Earl Drive
P. O. Box 7000
Crescent City, Ca 95531-7000

Dated: _____

        Richard W. Wieking, Clerk
        By: Elizabeth Garcia, Deputy Clerk