**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LOSOYA, | No. C 05-00509 JW (PR) |
| Plaintiff, | ORDER REGARDING SERVICE ON DEFENDANTS |
| vs. | |
| JEAN S. WOODFORD, et al., | |
| Defendants. | |

Plaintiff, a California prisoner currently incarcerated at Pelican Bay State Prison ("PBSP") in Crescent City, filed a pro se civil rights action under 42 U.S.C. § 1983 against various PBSP employees for violations of plaintiff's constitutional rights. Plaintiff's original complaint was dismissed with leave to amend. On May 30, 2008, the Court partially dismissed some of the claims in Plaintiff's first amended complaint, and ordered service of the remaining cognizable claims upon Warden Kirkland, Sergeant Flowers, Sergeant Akin, and Second Watch Correctional Officers from April to December 2004, including Hyde, Delaunay, George, Strickhouser, Trotter, Smith, Knight, Pofhal, Moore, Kirby, Simmons, Green, Owen, Romero, Estrella, Cortez, Navarro, Schiavone, Holt, Curtis, Cardenas, Daniel, Bracht, Gensaw, Howe, Young, Winningham, Miligin, Testa, Keely, Gelinas, Rios, Nelson, Wilcy, and Preston at PBSP.

A. <u>Summonses Returned Unexecuted</u>

On June 26, 2008, summonses were issues as to the above defendants. However, several of the summonses were returned unexecuted on July 17, 2008 and July 18, 2008 for the following reasons:

1. <u>Defendants Unknown at PBSP</u>

The summonses for defendants Keely, Cortez and Wilcy were returned with the comment on each that "Unknown at PVSP, and PBSP will not accept service." (<u>See</u> Docket Nos. 46, 47 & 48.) Accordingly, these three defendants have not been served. Federal Rule of Civil Procedure 4(m) contemplates that service of process normally will be accomplished within four months of the filing of the complaint. Although the Court can have the Marshal serve process on a defendant, it is Plaintiff's responsibility to provide a name, including a first name or initial, and address for each defendant to be served. Plaintiff must provide the Court with this information in a pleading no later than **thirty (30) days** from the date of this order, in order for the Court to provide the United States Marshal with sufficient information for service to be effected under Fed. R. Civ. P. 4(c)(2). <u>See</u> <u>Walker v. Sumner</u>, 14 F.3d 1415, 1422 (9th Cir. 1994). Failure to do so may result in dismissal of the complaint against these defendants under Rule 4(m).

2. <u>More Information Needed</u>

The summonses for defendants Navarro, George, Simmons, Moore , Holt, Young, Smith, Danial, Preston, Nelson and Own were returned with the comment on each that "PBSP has several employees with the same last name, [and] more information is needed for service." (<u>See</u> Docket Nos. 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, & 59.) Additional information is required from plaintiff in order to proceed against these defendants. Plaintiff must provide the first name or initial of these defendants to the Court in a pleading within **thirty (30) days** from the date of this order in order for the Court to provide the United States Marshal with sufficient information for service to be effected under Fed. R. Civ. P. 4(c)(2). <u>See</u> <u>Walker v. Sumner</u>, 14 F.3d 1415, 1422 (9th Cir. 1994). Failure to do so may result in dismissal of the complaint against these defendants.

### 3. No Longer at Facility

The summonses for defendants Gensaw, Kirby, Delaunay, Romero and Green were returned with the comment on each either that "Subject has transferred. Facility will not accept service" or "Subject is no longer at facility. The facility will not accept service." (See Docket Nos. 60, 61, 62, 63 & 64.) Accordingly, these defendants have not been served.

The clerk of the Court shall send a copy of this order to the Litigation Coordinator at PBSP, who is requested to provide any forwarding address information that is available with respect to these defendants. However, it is ultimately Plaintiff's responsibility to provide a name and address for each defendant to be served in order for the Court to direct the Marshal to serve process on a defendant. Plaintiff must provide the Court with this information in a pleading no later than **thirty (30) days** from the date of this order, in order for the Court to provide the United States Marshal with sufficient information for service to be effected under Fed. R. Civ. P. 4(c)(2). See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994). Failure to do so may result in dismissal of the complaint against these defendants under Rule 4(m) of the Federal Rules of Civil Procedure.

### B. Summonses Not Yet Returned

The summonses as to defendants Flowers, Hyde, Strickhouser, Trotter, Knight, Pofhal, Owen, Estrella, Schiavone, Curtis, Cardenas, Bracht, Howe, Winningham, Miligin, Testa, Gelinas and Rios have not yet been returned either executed or unexecuted. It appears that these defendants have not been served. Federal Rule of Civil Procedure 4(m) contemplates that service of process normally will be accomplished within four months of the filing of the complaint. Although the Court can have the Marshal serve process on a defendant, it is Plaintiff's responsibility to provide a name and address for each defendant to be served. At a minimum, Plaintiff must provide a last name and first initial of each defendant. Plaintiff has failed to do so for these remaining defendants. Plaintiff must provide the Court with defendants" correct first name or initial in a pleading no later than **thirty (30) days** from the date of this order, in order for

the Court to provide the United States Marshal with sufficient information for service to be effected under Fed. R. Civ. P. 4(c)(2).  See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994).  Failure to do so may result in dismissal of the complaint against these defendants under Rule 4(m).

It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The clerk of the Court is instructed to send a copy of this order to the Litigation Coordinator at PBSP, to comply with the Court's request to provide information regarding defendants who are no longer at the facility.

DATED: August 25, 2008

JAMES WARE
United States District Judge

Order Regarding Service on Ds
P:\PRO-SE\SJ.JW\CR.05\Losoya0509_re Ds.wpd          4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

DAVID LOSOYA,

        Plaintiff,

  v.

JEAN S. WOODFORD, et al.,

        Defendants.

Case Number: CV05-00509 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 9/10/2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

David Losoya B-92935
5905 Lake Earl Drive
P. O. Box 7000
Crescent City, Ca 95531-7000

Dated: 9/10/2008

Richard W. Wieking, Clerk
/s/ By: Elizabeth Garcia, Deputy Clerk