IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LOSOYA,<br><br>    Plaintiff,<br><br>vs.<br><br>WARDEN KIRKLAND, et al.,<br><br>    Defendants. | No. C 05-00509 JW (PR)<br><br>ORDER REGARDING SERVICE ON UNSERVED DEFENDANTS; REQUESTING INFORMATION FROM PBSP LITIGATION COORDINATOR; DISMISSING SUPPLEMENTAL COMPLAINT; INSTRUCTIONS TO CLERK |

Plaintiff, a California prisoner currently incarcerated at Pelican Bay State Prison ("PBSP") in Crescent City, filed a pro se civil rights action under 42 U.S.C. § 1983 against various PBSP employees for violations of plaintiff's constitutional rights. Plaintiff's original complaint was dismissed with leave to amend.

A.    <u>Unserved Defendants</u>

On May 30, 2008, the Court partially dismissed some of the claims in Plaintiff's first amended complaint, and ordered service of the remaining cognizable claims upon Defendants, including Warden Kirkland and Second Watch Correctional Officers from April to December 2004 at PBSP. On September 3, 2008, the summonses for these defendants were returned with the information that defendants were no longer at the facility and the facility would not accept service. (See Docket Nos. 70 & 71.) Accordingly, these defendants have not been served.

The clerk of the Court shall send a copy of this order to the Litigation Coordinator at PBSP, who is requested to provide any forwarding address information that is available with respect to these defendants. However, it is ultimately Plaintiff's responsibility to provide a name and address for each defendant to be served in order for the Court to direct the Marshal to serve process on a defendant. Plaintiff must provide the Court with this information in a pleading no later than **twenty (20) days** from the date of this order, in order for the Court to provide the United States Marshal with sufficient information for service to be effected under Fed. R. Civ. P. 4(c)(2). See Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994). **Failure to do so may result in dismissal of the complaint against these defendants under Rule 4(m) of the Federal Rules of Civil Procedure.**

In the interest of justice, the Court will also request forwarding addresses for the defendants, if available, from the Litigation Coordinator at PBSP to facilitate this matter.

B.   Supplemental Complaint

On June 30, 2009, plaintiff filed supplemental pleadings, which consists of several hundreds of pages. (See Docket No. 96.) Plaintiff did so without requesting leave of this Court. The Court will construe the filing of the pleading as a motion for leave to file a supplemental complaint.

The court may permit a party to serve supplemental pleadings "setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Fed. R. Civ. P. 15(d). The power to grant supplemental pleadings is discretionary and "upon such terms as are just." Id. Supplemental pleading by a plaintiff is optional; claims not filed in a supplemental complaint may be filed in a separate lawsuit. See Manning v. City of Auburn, 953 F.2d 1355, 1359-60 (11th Cir. 1992).

While leave to permit supplemental pleading is favored, it cannot be used to introduce a separate, distinct and new cause of action. See Planned Parenthood of

Order Regarding Service; Dismissing Supplemental Complaint
P:\PRO-SE\SJ.JW\CR.05\Losoya0509_re Ds.1.wpd         2

So. Arizona v. Neely, 130 F.3d 400, 402 (9th Cir. 1997). Matters newly alleged in a supplemental complaint must have some relation to the claim(s) set forth in the original pleading. See Keith v. Volpe, 858 F.2d 467, 474 (9th Cir. 1988), cert. denied, 493 U.S. 813 (1989). Leave to file a supplemental complaint therefore may not be granted where the supplemental complaint involves a new and distinct cause of action that should be the subject of a separate suit. See Neely, 130 F.3d at 402 (abuse of discretion to allow plaintiffs to supplement complaint after final judgment to attack newly amended statute); cf. Griffin v. County Sch. Bd. of Prince Edward County, 377 U.S. 218, 226 (1964) (supplemental pleading proper where new transactions not new cause of action, but merely part of "same old cause of action" originally raised).

It appears from the supplemental pleadings that plaintiff is claiming new causes of action against different defendants arising from events that occurred after plaintiff initiated this cause of action. Furthermore, plaintiff has not shown how the claims alleged in the supplemental pleadings relate to the claims set forth in the amended complaint. Accordingly, the request to file a supplement complaint is DENIED. Plaintiff may pursue these claims in a separate action. The clerk shall terminate the newly named defendants in the supplemental pleading from this action.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. Plaintiff shall provide the Court with the address and names of the unserved defendants discussed above in a pleading no later than **twenty (20) days** from the date of this order, in order for the Court to provide the United States Marshal with sufficient information for service to be effected under Fed. R. Civ. P. 4(c)(2).

2. The clerk of the Court is instructed to send a copy of this order to the Litigation Coordinator at PBSP, to comply with the Court's request to provide

information regarding defendants who are no longer at the facility **within twenty (20) days** from the date of this order.

      3.      The supplemental pleadings are DISMISSED from this action. (Docket No. 96.)  The clerk shall terminate the defendants named therein from this action.

      4.      Defendant Jean S. Woodford is DISMISSED from this action as plaintiff did not name this defendant in his amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992).  The clerk shall terminate this defendant from this action.

DATED: September 2, 2009

JAMES WARE
United States District Judge

Order Regarding Service; Dismissing Supplemental Complaint
P:\PRO-SE\SJ.JW\CR.05\Losoya0509_re Ds.1.wpd        4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LOSOYA,<br><br>        Plaintiff,<br><br>  v.<br><br>WARDEN KIRKLAND, et al.,<br><br>        Defendants.<br>_____ / | Case Number: CV05-00509 JW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on  9/11/2009  , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

David Losoya B-92935
Corcoran State Prison
P. O. Box 8800
Corcoran, Ca 93212


Dated:   9/11/2009

                                            Richard W. Wieking, Clerk
                                            /s/ By: Elizabeth Garcia, Deputy Clerk